IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EMS TECHNOLOGIES, LLC. | |
| **PLAINTIFF,** | Civil Action No. _____ |
| **V.** | **JURY TRIAL DEMANDED** |
| (1)  GENERAL ELECTRIC COMPANY, | |
| (2)  AUTHORIZED INSTALLERS NETWORK, LLC, D/B/A/ GE HOME TECHNOLOGIES, | |
| (3)  AUTHORIZED INTEGRATORS NETWORK, LLC, D/B/A/ GE HOME TECHNOLOGIES, D/B/A AIN GROUP, D/B/A AUTHORIZED INTEGRATORS NETWORK, AND D/B/A AIN | |
| (4)  JOHNSON CONTROLS, INC. | |
| (5)  ROCKWELL AUTOMATION INC., | |
| (6)  ROCKWELL AUTOMATION INTERNATIONAL HOLDINGS LLC, | |
| (7)  ROCKWELL SOFTWARE, INC., | |
| (8)  ALLEN-BRADLEY COMPANY, | |
| (9)  ALLEN-BRADLEY COMPANY, LLC, | |
| (10) ALLEN-BRADLEY COMPANY, INC., | |
| (11) ALLEN-BRADLEY TECHNICAL SERVICES, INC., | |
| (12) SILVER SPRING NETWORKS, INC.; AND | |
| (13) GREENBOX TECHNOLOGY INC. , | |
| **DEFENDANTS.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, EMS Technologies, LLC., makes the following allegations against defendants, General Electric Company, Authorized Installers Network, LLC, D/B/A/ GE Home Technologies, Authorized Integrators Network, LLC, D/B/A/ GE Home Technologies, D/B/A AIN Group, D/B/A Authorized Integrators Network, and D/B/A AIN, Johnson Controls, Inc., Rockwell Automation Inc., Rockwell Automation International Holdings LLC, Rockwell Software, Inc., Allen-Bradley Company, Allen-Bradley Company, LLC, Allen-Bradley Company, Inc., Allen-Bradley Technical Services, Inc., Silver Spring Networks, Inc.; and Greenbox Technology Inc. (collectively the "Defendants").

## PARTIES

1.      Plaintiff EMS Technologies, LLC. ("EMS") is a Texas limited liability company having a principal place of business at 207B North Washington Ave., Marshall, TX 75670.

2.      On information and belief, Defendant General Electric Company ("GE") is a New York corporation with its principal place of business at 3135 Easton Turnpike, Fairfield, CT 06828-0001. GE has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

3.      On information and belief, Defendant Authorized Installers Network, LLC, D/B/A/ GE Home Technologies ("GE - Installers") is a Michigan limited liability company with its principal place of business at 615 Griswold Street, Suite 1425, Detroit, MI 48226. GE - Installers has appointed Stanley Matysiak, 615 Griswold Street, Suite 1425, Detroit, MI 48226, as its agent for service of process.

4.      On information and belief, Defendant Authorized Integrators Network, LLC,

D/B/A/ GE Home Technologies, D/B/A AIN Group, D/B/A Authorized Integrators Network, and D/B/A AIN ("GE - Integrators") is a Michigan limited liability company with its principal place of business at 615 Griswold Street, Suite 1425, Detroit, MI 48226. GE - Installers has appointed Stanley Matysiak, 615 Griswold Street, Suite 1425, Detroit, MI 48226, as its agent for service of process.

5.     On information and belief, Defendant Johnson Controls, Inc. ("Johnson Controls") is a Wisconsin corporation with its principal place of business at 5757 North Green Bay Ave., Milwaukee, Wisconsin 53209. Johnson Controls has appointed JEROME D OKARMA, 5757 North Green Bay Ave., Milwaukee, Wisconsin 53209, as its agent for service of process.

6.     On information and belief, Defendant Rockwell Automation Inc. ("Rockwell") is a Delaware corporation with its principal place of business at 1201 South 2nd Street, Milwaukee, WI 53204. Rockwell has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

7.     On information and belief, Defendant Rockwell Automation International Holdings LLC ("Rockwell International") is a Delaware corporation with its principal place of business at 3500 Regency Parkway, Cary, NC 27518-8519. Rockwell has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

8.     On information and belief, Defendant Rockwell Software, Inc. ("Rockwell Software") is a Delaware corporation with its principal place of business at 1201 South 2nd Street, Milwaukee, WI 53204. Rockwell has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801, as its agent for service of

process.

9.      On information and belief, Defendant Allen-Bradley Company ("Allen-Bradley") is a Nevada corporation with its principal place of business at 1201 South 2nd Street, Milwaukee, WI 53204. Allen-Bradley has appointed The Corporation Trust Company Of Nevada, 6100 Neil Road Suite 500, Reno, NV 89511, as its agent for service of process.

10.     On information and belief, Defendant Allen-Bradley Company, LLC ("Allen-Bradley LLC") is a Delaware corporation with its principal place of business at 777 E. Wisconsin Ave., Milwaukee, WI 53202. Allen-Bradley LLC has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

11.     On information and belief, Defendant Allen-Bradley Company, Inc. ("Allen-Bradley Inc.") is a Wisconsin corporation with its principal place of business at 1201 South 2nd Street, Milwaukee, WI 53204. Allen-Bradley Inc. has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

12.     On information and belief, Defendant Allen-Bradley Technical Services, Inc. ("Allen-Bradley Technical Services") is a Wisconsin corporation with its principal place of business at 1201 South 2nd Street, Milwaukee, WI 53204. Allen-Bradley Technical Services has appointed C T Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717, as its agent for service of process.

13.     On information and belief, Defendant Silver Spring Networks, Inc. ("Silver Spring") is a Delaware corporation with its principal place of business at 575 Broadway St. Redwood City CA 94063. Silver Spring has appointed Incorporating Services, Ltd., 3500 South

DuPont Highway, Dover, DE 19901, as its agent for service of process.

14.     On information and belief, Defendant Greenbox Technology Inc. ("Greenbox") is a Delaware corporation with its principal place of business at 1200 Bayhill Drive, Suite 105, San Bruno, CA 94066. Greenbox has appointed Incorporating Services, Ltd., 3500 South DuPont Highway, Dover, DE 19901, as its agent for service of process.

## JURISDICTION AND VENUE

15.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each of the Defendants has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

17.     On information and belief, each of the Defendants is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,169,979

18.     Plaintiff EMS is the owner by assignment of United States Patent No. 6,169,979 (the "'979 patent") entitled Computer-Assisted Sales System for Utilities.  The '979 patent

issued on January 2, 2001.  A true and correct copy of the '979 patent is included as Exhibit A.

19.     Upon information and belief, Defendant GE has been and now is directly infringing, and indirectly infringing by way of inducing infringement, jointly infringing and/or contributing to the infringement of the '979 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling one or more computer implemented sales systems for assisting with the sale of utility products and services by generating customized reports related to how the customer can optimize its costs for utility products and services; and configured to receive data representative of customer utility usage, utility rates, and utility costs saving programs; with a memory arrangement to store the data; a processor to select a utility service rate and a utility costs saving program for the customer; and generate customized reports illustrating revised customer utility costs based on applying the selected utility costs saving program covered by one or more claims of the '979 patent.  By making, using, importing, offering for sale, and/or selling such computer implemented sales systems, and all like products and related services that are covered by one or more claims of the '979 patent, GE has injured Plaintiff and is thus liable to Plaintiff for infringement of the '979 patent pursuant to 35 U.S.C. §271.

20.     Upon information and belief, Defendant GE - Installers has been and now is directly infringing, and indirectly infringing by way of inducing infringement, jointly infringing and/or contributing to the infringement of the '979 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling one or more computer implemented sales systems for assisting with the sale of utility products and services by generating customized reports related to how the customer can optimize its costs for utility products and services; and configured to receive data

representative of customer utility usage, utility rates, and utility costs saving programs; with a memory arrangement to store the data; a processor to select a utility service rate and a utility costs saving program for the customer; and generate customized reports illustrating revised customer utility costs based on applying the selected utility costs saving program covered by one or more claims of the '979 patent. By making, using, importing, offering for sale, and/or selling such computer implemented sales systems, and all like products and related services that are covered by one or more claims of the '979 patent, GE - Installers has injured Plaintiff and is thus liable to Plaintiff for infringement of the '979 patent pursuant to 35 U.S.C. §271.

21.     Upon information and belief, Defendant GE - Integrators has been and now is directly infringing, and indirectly infringing by way of inducing infringement, jointly infringing and/or contributing to the infringement of the '979 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling one or more computer implemented sales systems for assisting with the sale of utility products and services by generating customized reports related to how the customer can optimize its costs for utility products and services; and configured to receive data representative of customer utility usage, utility rates, and utility costs saving programs; with a memory arrangement to store the data; a processor to select a utility service rate and a utility costs saving program for the customer; and generate customized reports illustrating revised customer utility costs based on applying the selected utility costs saving program covered by one or more claims of the '979 patent. By making, using, importing, offering for sale, and/or selling such computer implemented sales systems, and all like products and related services that are covered by one or more claims of the '979 patent, GE - Integrators has injured Plaintiff and is thus liable to Plaintiff for infringement of the '979 patent pursuant to 35 U.S.C. §271.

22.     Upon information and belief, Defendant Johnson Controls has been and now is directly infringing, and indirectly infringing by way of inducing infringement, jointly infringing and/or contributing to the infringement of the '979 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling one or more computer implemented sales systems for assisting with the sale of utility products and services by generating customized reports related to how the customer can optimize its costs for utility products and services; and configured to receive data representative of customer utility usage, utility rates, and utility costs saving programs; with a memory arrangement to store the data; a processor to select a utility service rate and a utility costs saving program for the customer; and generate customized reports illustrating revised customer utility costs based on applying the selected utility costs saving program covered by one or more claims of the '979 patent.  By making, using, importing, offering for sale, and/or selling such computer implemented sales systems, and all like products and related services that are covered by one or more claims of the '979 patent, Johnson Controls has injured Plaintiff and is thus liable to Plaintiff for infringement of the '979 patent pursuant to 35 U.S.C. §271.

23.     Upon information and belief, Defendant Rockwell has been and now is directly infringing, and indirectly infringing by way of inducing infringement, jointly infringing and/or contributing to the infringement of the '979 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling one or more computer implemented sales systems for assisting with the sale of utility products and services by generating customized reports related to how the customer can optimize its costs for utility products and services; and configured to receive data representative of customer utility usage, utility rates, and utility costs saving programs; with a

memory arrangement to store the data; a processor to select a utility service rate and a utility costs saving program for the customer; and generate customized reports illustrating revised customer utility costs based on applying the selected utility costs saving program covered by one or more claims of the '979 patent. By making, using, importing, offering for sale, and/or selling such computer implemented sales systems, and all like products and related services that are covered by one or more claims of the '979 patent, Rockwell has injured Plaintiff and is thus liable to Plaintiff for infringement of the '979 patent pursuant to 35 U.S.C. §271.

24.     Upon information and belief, Defendant Rockwell International has been and now is directly infringing, and indirectly infringing by way of inducing infringement, jointly infringing and/or contributing to the infringement of the '979 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling one or more computer implemented sales systems for assisting with the sale of utility products and services by generating customized reports related to how the customer can optimize its costs for utility products and services; and configured to receive data representative of customer utility usage, utility rates, and utility costs saving programs; with a memory arrangement to store the data; a processor to select a utility service rate and a utility costs saving program for the customer; and generate customized reports illustrating revised customer utility costs based on applying the selected utility costs saving program covered by one or more claims of the '979 patent. By making, using, importing, offering for sale, and/or selling such computer implemented sales systems, and all like products and related services that are covered by one or more claims of the '979 patent, Rockwell International has injured Plaintiff and is thus liable to Plaintiff for infringement of the '979 patent pursuant to 35 U.S.C. §271.

25.     Upon information and belief, Defendant Rockwell Software has been and now is directly infringing, and indirectly infringing by way of inducing infringement, jointly infringing and/or contributing to the infringement of the '979 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling one or more computer implemented sales systems for assisting with the sale of utility products and services by generating customized reports related to how the customer can optimize its costs for utility products and services; and configured to receive data representative of customer utility usage, utility rates, and utility costs saving programs; with a memory arrangement to store the data; a processor to select a utility service rate and a utility costs saving program for the customer; and generate customized reports illustrating revised customer utility costs based on applying the selected utility costs saving program covered by one or more claims of the '979 patent.  By making, using, importing, offering for sale, and/or selling such computer implemented sales systems, and all like products and related services that are covered by one or more claims of the '979 patent, Rockwell Software has injured Plaintiff and is thus liable to Plaintiff for infringement of the '979 patent pursuant to 35 U.S.C. §271.

26.     Upon information and belief, Defendant Allen-Bradley has been and now is directly infringing, and indirectly infringing by way of inducing infringement, jointly infringing and/or contributing to the infringement of the '979 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling one or more computer implemented sales systems for assisting with the sale of utility products and services by generating customized reports related to how the customer can optimize its costs for utility products and services; and configured to receive data representative of customer utility usage, utility rates, and utility costs saving programs; with a

memory arrangement to store the data; a processor to select a utility service rate and a utility costs saving program for the customer; and generate customized reports illustrating revised customer utility costs based on applying the selected utility costs saving program covered by one or more claims of the '979 patent.  By making, using, importing, offering for sale, and/or selling such computer implemented sales systems, and all like products and related services that are covered by one or more claims of the '979 patent, Allen-Bradley has injured Plaintiff and is thus liable to Plaintiff for infringement of the '979 patent pursuant to 35 U.S.C. §271.

27.   Upon information and belief, Defendant Allen-Bradley LLC has been and now is directly infringing, and indirectly infringing by way of inducing infringement, jointly infringing and/or contributing to the infringement of the '979 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling one or more computer implemented sales systems for assisting with the sale of utility products and services by generating customized reports related to how the customer can optimize its costs for utility products and services; and configured to receive data representative of customer utility usage, utility rates, and utility costs saving programs; with a memory arrangement to store the data; a processor to select a utility service rate and a utility costs saving program for the customer; and generate customized reports illustrating revised customer utility costs based on applying the selected utility costs saving program covered by one or more claims of the '979 patent.  By making, using, importing, offering for sale, and/or selling such computer implemented sales systems, and all like products and related services that are covered by one or more claims of the '979 patent, Allen-Bradley LLC has injured Plaintiff and is thus liable to Plaintiff for infringement of the '979 patent pursuant to 35 U.S.C. §271.

28.   Upon information and belief, Defendant Allen-Bradley Inc. has been and now is

directly infringing, and indirectly infringing by way of inducing infringement, jointly infringing and/or contributing to the infringement of the '979 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling one or more computer implemented sales systems for assisting with the sale of utility products and services by generating customized reports related to how the customer can optimize its costs for utility products and services; and configured to receive data representative of customer utility usage, utility rates, and utility costs saving programs; with a memory arrangement to store the data; a processor to select a utility service rate and a utility costs saving program for the customer; and generate customized reports illustrating revised customer utility costs based on applying the selected utility costs saving program covered by one or more claims of the '979 patent.  By making, using, importing, offering for sale, and/or selling such computer implemented sales systems, and all like products and related services that are covered by one or more claims of the '979 patent, Allen-Bradley Inc. has injured Plaintiff and is thus liable to Plaintiff for infringement of the '979 patent pursuant to 35 U.S.C. §271.

29.   Upon information and belief, Defendant Allen-Bradley Technical Services has been and now is directly infringing, and indirectly infringing by way of inducing infringement, jointly infringing and/or contributing to the infringement of the '979 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling one or more computer implemented sales systems for assisting with the sale of utility products and services by generating customized reports related to how the customer can optimize its costs for utility products and services; and configured to receive data representative of customer utility usage, utility rates, and utility costs saving programs; with a memory arrangement to store the data; a processor to select a utility

service rate and a utility costs saving program for the customer; and generate customized reports illustrating revised customer utility costs based on applying the selected utility costs saving program covered by one or more claims of the '979 patent. By making, using, importing, offering for sale, and/or selling such computer implemented sales systems, and all like products and related services that are covered by one or more claims of the '979 patent, Allen-Bradley Technical Services has injured Plaintiff and is thus liable to Plaintiff for infringement of the '979 patent pursuant to 35 U.S.C. §271.

30.     Upon information and belief, Defendant Silver Spring has been and now is directly infringing, and indirectly infringing by way of inducing infringement, jointly infringing and/or contributing to the infringement of the '979 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling one or more computer implemented sales systems for assisting with the sale of utility products and services by generating customized reports related to how the customer can optimize its costs for utility products and services; and configured to receive data representative of customer utility usage, utility rates, and utility costs saving programs; with a memory arrangement to store the data; a processor to select a utility service rate and a utility costs saving program for the customer; and generate customized reports illustrating revised customer utility costs based on applying the selected utility costs saving program covered by one or more claims of the '979 patent. By making, using, importing, offering for sale, and/or selling such computer implemented sales systems, and all like products and related services that are covered by one or more claims of the '979 patent, Silver Spring has injured Plaintiff and is thus liable to Plaintiff for infringement of the '979 patent pursuant to 35 U.S.C. §271.

31.     Upon information and belief, Defendant Greenbox has been and now is directly

infringing, and indirectly infringing by way of inducing infringement, jointly infringing and/or contributing to the infringement of the '979 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling one or more computer implemented sales systems for assisting with the sale of utility products and services by generating customized reports related to how the customer can optimize its costs for utility products and services; and configured to receive data representative of customer utility usage, utility rates, and utility costs saving programs; with a memory arrangement to store the data; a processor to select a utility service rate and a utility costs saving program for the customer; and generate customized reports illustrating revised customer utility costs based on applying the selected utility costs saving program covered by one or more claims of the '979 patent.  By making, using, importing, offering for sale, and/or selling such computer implemented sales systems, and all like products and related services that are covered by one or more claims of the '979 patent, Greenbox has injured Plaintiff and is thus liable to Plaintiff for infringement of the '979 patent pursuant to 35 U.S.C. §271.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EMS respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff EMS that Defendants have infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '979 patent, and that such infringement was willful;

2.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in

active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '979 patent;

3.     A judgment and order requiring Defendants to pay Plaintiff EMS its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '979 patent as provided under 35 U.S.C. § 284;

4.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff EMS its reasonable attorneys' fees; and

5.     Any and all other relief to which Plaintiff EMS may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff EMS, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**EMS TECHNOLOGIES, LLC.**

Dated: January 26, 2010

By: /s/ *Andrew W. Spangler*
Andrew W. Spangler
State Bar No. 24041960
SPANGLER LAW P.C.
208 N. Green St., Ste. 300
Longview, Texas  75601
Telephone: 903/753-9300
Facsimile: 903/553-0403
spangler@spanglerlawpc.com

**ATTORNEYS FOR PLAINTIFF
EMS TECHNOLOGIES, LLC.**