IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EMS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 2:10-cv-00032-DF |
| v. | § § § | |
| GENERAL ELECTRIC COMPANY, et al., | § § | Jury Trial Demanded |
| Defendants. | § § | |

**DEFENDANT GENERAL ELECTRIC COMPANY'S
ANSWER AND COUNTERCLAIMS**

Defendant General Electric Company ("GE"), through its counsel, answers the

allegations of the Complaint of plaintiff EMS Technologies, LLC, based upon actual knowledge

as to itself and its own action and upon information and belief as to all other persons and events:

**ANSWER**

**Parties**

1.      GE is currently without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Admitted.

3.      GE is currently without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraphs 3 through 14 of the Complaint.

**Jurisdiction and Venue**

4.      Admitted that the Complaint purports to set forth a claim for patent infringement

and this Court has subject matter jurisdiction.  GE denies the remaining allegations of paragraph

15 of the Complaint.

5.      Admitted that venue is proper in this District.   GE denies the remaining allegations of paragraph 16 of the Complaint.

6.      Admitted that GE conducts business in this District.   GE denies the remaining allegations of paragraph 17 of the Complaint.

## Count I
## Infringement of U.S. Patent No. 6,169,979

7.      Admitted that U.S. Patent No. 6,169,979 (the "'979 patent") is entitled "Computer-Assisted Sales System for Utilities"; it issued on January 2, 2001; and Exhibit A purports to be a copy of the '979 patent.  GE denies the remaining allegations of paragraph 18 of the Complaint.

8.      GE denies the allegations of paragraph 19 of the Complaint.

9.      GE is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 20-31 of the Complaint.

### Plaintiff's Prayer for Relief

10.     GE denies that plaintiff is entitled to any relief requested in its prayer.

### Plaintiff's Jury Demand

11.     GE denies that plaintiff has any valid or cognizable claim or cause of action for patent infringement, that infringement occurred, and that plaintiff has claims triable by jury.

### Affirmative Defenses

12.     GE asserts the following affirmative defenses to the Complaint.  GE reserves its right to assert additional affirmative defenses that may now exist or in the future be available based on discovery and further investigation in this case, including those under Fed. R. Civ. P. 8(c), the patent laws, and any other defenses at law or in equity.

**Patent Invalidity**

13.     One or more claims of the '979 patent is invalid for failing to meet one or more of the requisite requirements for patentability under Title 35 of the United States Code, including §§ 101, 102, 103, 112, 116, 118, 119, or 256.

**Non-Infringement**

14.     GE has not infringed, actively induced infringement, or contributorily infringed, and is not infringing, any valid claim of the '979 patent, and no valid claim of the '979 patent can be properly construed to cover the manufacture, use, sale, importation, or offer for sale of any GE product or service.

**Prosecution History Estoppel**

15.     Plaintiff's alleged cause of action for patent infringement is barred under the doctrine of prosecution history estoppel, and plaintiff is estopped from claiming that the '979 patent covers or includes any accused GE product or service.

**Unenforceability**

16.     The claims of the '979 patent are unenforceable.

**Laches**

17.     Plaintiff's claims are barred by laches, resulting from plaintiff's unreasonable and inexcusable delay in bringing suit, which delay has materially prejudiced GE.

**Waiver and Acquiescence**

18.     The '979 patent is unenforceable against GE because of waiver and/or acquiescence.

**Failure to Mark**

19.     Plaintiff's claim for damages is limited by the marking and notice provisions of 35 U.S.C. § 287.

**COUNTERCLAIMS**

20.     Based upon actual knowledge as to itself and its own actions, and upon information and belief as to all other persons and events, defendant/counterclaim-plaintiff GE alleges for the following counterclaims against plaintiff/counterclaim defendant:

21.     GE is a New York corporation with its principal place of business in Connecticut.

22.     Plaintiff is a Texas limited liability company having a principal place of business in Texas.

**Jurisdiction and Venue**

23.     This Court has subject matter jurisdiction over these counterclaims by virtue of 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.  Personal jurisdiction and venue are proper here.

**Count One**
**(Declaratory Judgment of Non-Infringement)**

24.     GE realleges its preceding material fact allegations as if fully set forth here.

25.     Plaintiff purports to own the '979 patent.

26.     On January 26, 2010, plaintiff filed a Complaint in this Court seeking to enforce the '979 patent against GE, alleging that GE "has been, and now is directly infringing, and indirectly infringing by way of inducing infringement, jointly infringing and/or contributing to the infringement of the '979 patent in the State of Texas, in this judicial district, and elsewhere in the United States."

27.     An actual controversy exists between GE and plaintiff with respect to the infringement, validity, and enforceability of the '979 patent.

28.     GE does not now and has never infringed, actively induced infringement, or contributorily infringed any valid claim of the '979 patent, and no valid claim of the '979 patent can be properly construed to cover the manufacture, use, sale, importation, or offer for sale of any GE product or service.  GE is entitled to a declaratory judgment to that effect.

29.     GE seeks a declaration that GE does not directly infringe, contributorily infringe, or induce infringement of any claim of the '979 patent, either literally or under the doctrine of equivalents.

30.     Alternatively, GE seeks a declaration that any alleged infringement by GE would not be actionable by plaintiff by virtue of one or more of GE's Affirmative Defenses.

### Count Two
### (Declaratory Judgment of Invalidity and Unenforceability)

31.     GE realleges the preceding material fact allegations as if fully set forth here.

32.     Plaintiff's filing of the Complaint is an assertion that the claims of the '979 patent are valid and enforceable, which GE denies.  Thus, a real and immediate justiciable controversy exists between the parties.

33.     One or more claims of the '979 patent are invalid for failure to meet one or more of the requisite requirements for patentability under Title 35 of the United States Code, including §§ 101, 102, 103, 112, and 116.  Moreover, the '979 patent is unenforceable.  GE is entitled to a declaratory judgment as to the invalidity and/or unenforceability of the '979 patent.

### Jury Demand

34.     GE demands a jury trial on all issues of its Counterclaim that are so triable.

### Prayer for Relief

For these reasons, defendant/counter-claimant GE prays for relief from the Court, after trial or final hearing, as follows:

a.     Dismiss the Complaint in its entirety with prejudice and enter judgment for GE that plaintiff recovers nothing;

b.     Declare that GE has not and does not infringe, either literally or under the doctrine of equivalents, actively induce infringement of, or contributorily infringe any valid and enforceable claim of the '979 patent;

c.     Declare that the '979 patent is invalid and unenforceable;

d.     Award GE its costs (including expert fees), disbursements, and reasonable attorney fees incurred in this action, pursuant to 35 U.S.C. § 285; and

e.     Grant all other relief to GE as is just and proper.

Dated:  April 22, 2010                              Respectfully submitted,

Of Counsel:

R. Paul Yetter                              /s/ Johnny Ward_____
State Bar No. 22154200                      Johnny Ward
pyetter@ywcllp.com                          State Bar No. 00794818
Thomas M. Morrow                            WARD & SMITH LAW FIRM
State Bar No. 24039076                      111 W. Tyler St.
tmorrow@ywcllp.com                          Longview, Texas 75601
Kevin J. Terrazas                           (903) 757-6400
State Bar No. 24060708                      (903) 757-2323 (fax)
kterrazas@ywcllp.com                        jw@jwfirm.com
YETTER, WARDEN & COLEMAN, L.L.P.
909 Fannin, Suite 3600                      Attorney-in-Charge for
Houston, Texas 77010                        Defendant General Electric Company
(713) 632-8000
(713) 632-8002 (Fax)

## Certificate of Service

I certify that this pleading was filed electronically with the Court, and thus served simultaneously upon all counsel of record, this 22nd day of April, 2010.

/s/ Thomas M. Morrow_____
Thomas M. Morrow