**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **EMS TECHNOLOGIES, LLC,**<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>**(1)　GENERAL ELECTRIC COMPANY,**<br>**(2)　AUTHORIZED INSTALLERS NETWORK, LLC,**<br>**　　　D/B/A/ GE HOME TECHNOLOGIES,**<br>**(3)　AUTHORIZED INTEGRATORS NETWORK, LLC,**<br>**　　　D/B/A GE HOME TECHNOLOGIES,**<br>**　　　D/B/A/ AIN GROUP, D/B/A AUTHORIZED**<br>**　　　INTEGRATORS NETWORK, AND D/B/A AIN,**<br>**(4)　JOHNSON CONTROLS, INC.,**<br>**(5)　ROCKWELL AUTOMATION INC.,**<br>**(6)　ROCKWELL AUTOMATION INTERNATIONAL**<br>**　　　HOLDINGS LLC,**<br>**(7)　ROCKWELL SOFTWARE, INC.,**<br>**(8)　ALLEN-BRADLEY COMPANY,**<br>**(9)　ALLEN-BRADLEY COMPANY, LLC,**<br>**(10) ALLEN-BRADLEY COMPANY, INC.,**<br>**(11) ALLEN-BRADLEY TECHNICAL SERVICES, INC.,**<br>**(12) SILVER SPRING NETWORKS, INC.,**<br>**　　　AND**<br>**(13) GREENBOX TECHNOLOGY INC.,**<br><br>　　　　　Defendants. | **Case No. 2:10-cv-00032-DF** |

**DEFENDANT ROCKWELL AUTOMATION, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT**

Defendant Rockwell Automation, Inc. ("Rockwell"), by its attorneys, hereby answers the

Complaint of Plaintiff EMS Technologies, LLC. ("Plaintiff") as follows, using the same

headings and numbering as in the Complaint:

## PARTIES

1.      Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

2.      Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

3.      Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

4.      Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

5.      Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

6.      Admitted.

7.      Rockwell believes that no response to the allegations of paragraph 7 is necessary because Rockwell Automation International Holdings LLC has been dismissed from this action.

8.      Rockwell believes that no response to the allegations of paragraph 8 is necessary because Rockwell Software, Inc. has been dismissed from this action.

9.      Rockwell believes that no response to the allegations of paragraph 9 is necessary because Allen-Bradley Company has been dismissed from this action.

10.     Rockwell believes that no response to the allegations of paragraph 10 is necessary because Allen-Bradley Company, LLC has been dismissed from this action.

11.     Rockwell believes that no response to the allegations of paragraph 11 is necessary because Allen-Bradley Company, Inc. has been dismissed from this action.

12.    Rockwell believes that no response to the allegations of paragraph 12 is necessary because Allen-Bradley Technical Services, Inc. has been dismissed from this action.

13.    Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

14.    Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## JURISDICTION AND VENUE

15.    Rockwell admits that the Complaint purports to state a claim under the patent laws of the United States, and on that basis, Rockwell admits that this Court has subject matter jurisdiction.

16.    Denied as to the allegations directed to Rockwell.  As to all other defendants, Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

17.    Denied as to the allegations directed to Rockwell.  As to all other defendants, Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,169,979

18.    Rockwell admits that U.S. Patent No. 6,169,979 ("the '979 patent") issued on January 2, 2001, that it is entitled "Computer-Assisted Sales System for Utilities," and that a

copy of the '979 patent was included with the Complaint as Exhibit A.  Rockwell lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations

in paragraph 18, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

19.     Rockwell lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 19, and therefore denies them pursuant to Fed. R. Civ. P.

8(b).

20.     Rockwell lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 20, and therefore denies them pursuant to Fed. R. Civ. P.

8(b).

21.     Rockwell lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 21, and therefore denies them pursuant to Fed. R. Civ. P.

8(b).

22.     Rockwell lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 22, and therefore denies them pursuant to Fed. R. Civ. P.

8(b).

23.     Denied.

24.     Rockwell believes that no response to the allegations of paragraph 24 is necessary

because Rockwell Automation International Holdings LLC has been dismissed from this action.

25.     Rockwell believes that no response to the allegations of paragraph 25 is necessary

because Rockwell Software, Inc. has been dismissed from this action.

26.     Rockwell believes that no response to the allegations of paragraph 26 is necessary

because Allen-Bradley Company has been dismissed from this action.

27.     Rockwell believes that no response to the allegations of paragraph 27 is necessary because Allen-Bradley Company, LLC has been dismissed from this action.

28.     Rockwell believes that no response to the allegations of paragraph 28 is necessary because Allen-Bradley Company, Inc. has been dismissed from this action.

29.     Rockwell believes that no response to the allegations of paragraph 29 is necessary because Allen-Bradley Technical Services, Inc. has been dismissed from this action.

30.     Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

31.     Rockwell lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

32.     Rockwell has admitted or denied each averment for which a responsive pleading is required.  To the extent any averment requiring a responsive pleading has not been responded to, it is hereby denied.

## AFFIRMATIVE DEFENSES

Rockwell asserts the following affirmative defenses to the causes of action asserted in Plaintiff's Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law.

33.     Rockwell has not infringed and is not infringing any valid and enforceable claim of the '979 patent, either literally or under the doctrine of equivalents.

5

34.     The claims of the '979 patent are invalid for or failure to meet the requirements of

the Patent Act, 35 U.S.C. § 100, *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103

and/or 112.

35.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

36.     As to Plaintiff's allegation that the alleged infringement was and/or is willful,

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

37.     Defendant and Counterclaim-Plaintiff Rockwell Automation, Inc. ("Rockwell")

asserts the following Counterclaims against Plaintiff and Counterclaim-Defendant EMS

Technologies, LLC ("EMS").

## THE PARTIES

1.      Rockwell is a Wisconsin corporation having a principal place of business in

Milwaukee, Wisconsin.

2.      Based on the averments in paragraph 1 of the Complaint, EMS is a Texas limited

liability company having a principle place of business in Marshall, Texas.

## NATURE OF THE COUNTERCLAIMS AND JURISDICTION

3.      Rockwell's Counterclaims arise under 28 U.S.C. § 2201.  Rockwell seeks

declaratory relief, specifically, a judicial declaration as to noninfringement and invalidity of U.S.

Patent No. 6,169,979 ("the '979 patent").

4.      This Court has jurisdiction over Rockwell's Counterclaims under 28 U.S.C.

§§ 1331, 1338(a).

## COUNT I

## NON-INFRINGEMENT

5.     Rockwell incorporates and realleges Counterclaim paragraphs 1 through 4 as though fully set forth herein.

6.     Rockwell has not infringed and is not infringing any valid, enforceable claim of the '979 patent, either literally or under the doctrine of equivalents.

7.     Rockwell therefore seeks a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '979 patent, either literally or under the doctrine of equivalents.

## COUNT II

## INVALIDITY

8.     Rockwell incorporates and realleges Counterclaim paragraphs 1 through 4 as though fully set forth herein.

9.     One or more claims of '979 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 100, *et seq.,* including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

10.    Rockwell therefore seeks a declaratory judgment that one or more claims of the '979 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et seq.*

## PRAYER FOR RELIEF

Rockwell Automation, Inc. respectfully prays for Judgment against EMS Technologies, LLC as follows:

(1)    ordering EMS take nothing by its Complaint;

(2)    declaring that Rockwell does not infringe any claim of the '979 patent;

(3)    declaring that the '979 patent is invalid;

(4)    declaring this is an exceptional case under 35 U.S.C. § 285 and that Rockwell is entitled to an award of its attorneys' fees;

(5)    awarding Rockwell its costs and disbursements of this action; and

(6)    awarding Rockwell such other and further relief as this court may deem just and proper.

Dated:  April 22, 2010                    Respectfully submitted,

By: /s/  Joe W. Redden, Jr.

Joe W. Redden, Jr. (State Bar No. 16660600)
(jredden@brsfirm.com)
Michael E. Richardson (State Bar No. 24002838)
(mrichardson@brsfirm.com)
Timothy A. Cleveland (State Bar No. 24055318)
(tcleveland@brsfirm.com)
BECK, REDDEN & SECREST, L.L.P.
1221 McKinney Street
Houston, TX 77010-2029
Tel.: (713) 951-3700
Tel.: (713) 951-3720

Thomas J. McCormack
(tmcCormack@chadbourne.com)
John M. Hintz
(jhintz@chadbourne.com)
Robert Grossman
(rgrossman@chadbourne.com)
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, NY  10112
Tel.:  (212) 408-5100
Fax:  (212) 541-5369

ATTORNEYS FOR DEFENDANT
ROCKWELL AUTOMATION, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on April 22, 2010.


　　　　　　　　　　　　/s/ Joe W. Redden, Jr.
　　　　　　　　　　　　Joe W. Redden, Jr.

NY3 - 507645.01