**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| EMS TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:10-cv-32-DF |
| | § | |
| GENERAL ELECTRIC COMPANY et al., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

**DISCOVERY ORDER**

In accordance with the Case Management Conference held on June 2, 2010, and based on the parties' discovery plan made pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure and Patent Rule 2-1(a), it is hereby **ORDERED** that the following discovery order is in effect until further order of this Court:

**I.    LIMITS ON DISCOVERY**

The Court hereby sets the following limits on discovery:

**A.    Interrogatories**

**Plaintiff's Interrogatories**: Plaintiff may serve up to fifteen (15) common interrogatories on all Defendants, and Plaintiff may serve up to seven (7) additional, individual interrogatories on each Defendant.  A "common interrogatory" is an interrogatory requesting a response from each Defendant; any such interrogatory would count as a single interrogatory when calculating Plaintiff's common interrogatory limit.

**Defendants' Interrogatories**: Defendants jointly may serve up to fifteen (15) common interrogatories on Plaintiff, and each Defendant may serve up to seven (7) additional, individual interrogatories on Plaintiff.  A "common interrogatory" is an

interrogatory served by all Defendants, as a group, requesting a response from Plaintiff in relation to each Defendant; any such interrogatory would count as a single interrogatory when calculating Defendants' common interrogatory limit.

### B.  Requests for Admission

**Plaintiff's Requests for Admission:** Plaintiff may serve up to forty (40) substantive requests for admission on each Defendant and an unlimited number of requests for admission solely as to the authentication of documents. Plaintiff may serve common requests for admission on Defendants, meaning that should Plaintiff serve a request for admission requesting a response from each Defendant, that request would count as a single request for admission when calculating Plaintiff's requests for admission limit.

**Defendants' Requests for Admission:** Each Defendant may serve up to forty (40) substantive requests for admission and an unlimited number of requests for admission solely as to the authentication of documents. Defendants may serve common requests for admission on Plaintiff, meaning that should all Defendants, as a group, serve a request for admission requesting a response from Plaintiff, that request would count as a single request for admission for each Defendant when calculating each Defendant's requests for admission limit.

### C.  Requests for Production

Each party may serve an unlimited number of requests for production.

**D.     Depositions**

    **1.     Depositions of Parties Pursuant to Fed. R. Civ. P. 30(b)(6)**

Any deposition of a witness taken under Rule 30(b)(6) shall be no more than seven (7) hours. Plaintiff may take up to twenty-five (25) hours of Rule 30(b)(6) testimony from each Defendant, and Defendants may take up to thirty-five (35) hours of Rule 30(b)(6) testimony in the aggregate from Plaintiff.

    **2.     Deposition of Parties Pursuant to Fed. R. Civ. P. 30(a)(1)**

Any deposition of a witness taken under Rule 30(a)(1) shall be limited to a maximum of seven (7) hours, but may be increased by one (1) hour upon agreement of the parties, which agreement shall not be unreasonably withheld. Plaintiff may take up to thirty (30) hours of Rule 30(a)(1) testimony from each Defendant, and Defendants may take up to thirty-five (35) hours of Rule 30(a)(1) testimony in the aggregate from Plaintiff, excluding the testimony of Jerome D. Johnson.

    **3.     Deposition of Named Inventor Jerome D. Johnson**

Defendants may take up to fourteen (14) hours of testimony in the aggregate of Jerome D. Johnson as the named inventor on the Patent-in-Suit. The time spent taking Mr. Johnson's deposition as the named inventor shall not count against any of Defendants' other deposition limits.

    **4.     Deposition of Third Parties**

Each side may take up to ninety-eight (98) hours of deposition testimony from third-parties.

If Plaintiff serves a notice of deposition or a subpoena for a third-party deposition, Plaintiff shall be entitled to begin the examination of that third-party and may conduct the

examination for five (5) hours on the record at which time Defendants must be given an opportunity to conduct an examination of the witness for up to two (2) hours on the record.  Counsel for any Defendant may ask non-duplicative questions (except as reasonably necessary to lay appropriate foundation for follow-up questions) at the conclusion of Plaintiff's counsel's questioning.  Defendants shall coordinate among themselves regarding the allocation of time among and between Defendants.  If Defendants do not use the entire two (2) hours described above, counsel for Plaintiff may ask non-duplicative questions (except as reasonably necessary to lay appropriate foundation for follow-up questions) at the conclusion of Defendants' counsel's questioning until the total time of the deposition reaches seven (7) hours.

If any Defendant serves a notice of deposition or a subpoena for a third-party deposition, that Defendant shall be entitled to begin the examination of that third-party and may conduct the examination by its counsel or may yield time to another Defendant's counsel until the total questioning reaches five (5) hours on the record at which time Plaintiff must be given an opportunity to conduct an examination of the witness for up to two (2) hours on the record.  If Plaintiff does not use its entire two (2) hours, counsel for any other Defendant may ask non-duplicative questions (except as reasonably necessary to lay appropriate foundation for follow-up questions) at the conclusion of Plaintiff's counsel's questioning until the total time of the deposition reaches seven (7) hours.

### 5. Deposition of Expert Witnesses

**Plaintiff's Depositions of Experts:** Plaintiff may take up to seven (7) hours of testimony per witness; provided, however, that in the event a single expert witness submits one or more expert reports covering two or more topics of infringement,

invalidity and/or unenforceability, Plaintiff shall be entitled to up to fourteen (14) hours of testimony from such witness.

**Defendants' Depositions of Experts:** If there is more than one Defendant in the action at the time of an expert's deposition, Defendants may take up to fourteen (14) hours of testimony in the aggregate per witness for examination on issues common to all Defendants; provided, however, that in the event a single expert witness submits one or more expert reports covering two or more topics of infringement, invalidity and/or unenforceability, Defendants shall be entitled to up to seventeen (17) hours of testimony in the aggregate from such expert witness for examination on issues common to Defendants. Defendants shall agree among themselves how to allocate the time allotted. Additionally, each individual Defendant may take up to an additional five (5) hours of testimony per expert witness for examination on issues specific to an individual Defendant.

If there is only one Defendant in the action at the time of an expert's deposition, Defendant may take up to seven (7) hours of testimony per witness; provided, however, that in the event a single expert witness submits one or more expert reports covering any two topics of infringement, invalidity and/or unenforceability, Defendant shall be entitled to up to fourteen (14) hours of testimony from such witness.

### 6. Depositions on Written Questions

There are no limits on the number of depositions upon written questions taken pursuant to Fed. R. Civ. P. 31.

### 7. Cross-Examination Testimony

Time spent by one party on cross-examination of a witness noticed for a deposition or subpoenaed by another party shall count against the cross-examining party when calculating deposition limits set forth above for that party.

### 8. Depositions on Topics Common to Defendants

At depositions regarding topics common to all Defendants, one (1) counsel per deposition shall cover the common and background testimony of the deposition of the Plaintiff, Plaintiff's employees, Jerome D. Johnson, expert witnesses, and third-party witnesses. This provision does not preclude additional counsel for any Defendant from attending and asking non-duplicative questions (except as reasonably necessary to lay appropriate foundation for follow-up questions) at the conclusion of lead counsel's questioning. Defendants shall make reasonable efforts to avoid duplicative questioning.

## E. Draft Expert Reports

Draft expert reports, draft expert declarations, draft expert affidavits, and communications between a party's counsel and the party's experts shall not be discoverable except for any communications that occur between a party's counsel and the party's expert during that expert's deposition.

## F. Withheld Document Logs

Documents protected from discovery under the attorney-client privilege and/or work product immunity created on or after January 26, 2010, need not be identified on a party's withheld document log.

/
/
/
/
/
/
/

### G. Limits on Electronic Discovery

After the exchange of the parties' initial disclosures, Plaintiff shall designate up to five (5) document custodians from each Defendant from whom electronic discovery may be taken, and each Defendant shall designate up to five (5) document custodians from Plaintiff from whom electronic discovery may be taken. Within ninety (90) days after the exchange of initial disclosures, Plaintiff and Defendants shall meet and confer in good faith to determine if electronic discovery from a limited number of additional custodians should be undertaken.

## II. MEDIATOR

The parties shall attempt to agree upon a mediator, and submit the name and address of the agreed-upon mediator to the Court no later than November 9, 2010. If the parties cannot agree on a mediator, the parties shall submit the names and addresses of two (2) proposed mediators to the Court, and shall agree to mediate their dispute before a mediator appointed by the Court. The Court may appoint a mediator that was proposed by either party or the Court may appoint a mediator who has not been proposed by either party.

/
/
/
/
/

## III. MODIFICATION OF DISCOVERY ORDER OR DOCKET CONTROL ORDER

If an issue arises warranting modification of any of the limitations set forth in this Discovery Order or the accompanying Docket Control Order, Plaintiff and Defendants shall use their best efforts to make such modification through agreement before seeking assistance from the Court.

**SIGNED this 12th day of July, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE