IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EMS TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:10-CV-32-DF |
| | § | |
| GENERAL ELECTRIC CO., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**O R D E R**

Before the Court is Defendants Silver Spring Networks, Inc. and Greenbox Technology, Inc.'s ("Defendants'") Motion to Dismiss for Failure to State a Claim for Relief. Dkt. No. 73. Also before the Court are Plaintiff's response, Defendants' reply, and Plaintiff's sur-reply. Dkt. Nos. 87, 93, & 101. Having considered the briefing and all relevant papers and pleadings, the Court finds that Defendants' motion should be GRANTED IN PART and DENIED IN PART.

**I. LEGAL PRINCIPLES**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 129 S.Ct. at 1950. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Southern Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001) (quoting

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 129 S.Ct. at 1950. "[A] complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1093 (7th Cir. 1992) (citation omitted).

## II. DISCUSSION

Defendants argue that the complaint fails to state a claim because it fails to identify accused products and fails to set forth any specific circumstances of indirect infringement. Dkt. No. 73 at 2-3. Plaintiff responds that tracking Form 18 of the Federal Rules of Civil Procedure is sufficient and that Plaintiff adequately identifies a category of accused products and services. Dkt. No. 87 at 3-4. Plaintiff also submits that for indirect infringement, its pleading adequately "refers to the use of the Defendants' systems by the customer" such that "[i]t is abundantly clear[] that the alleged direct infringer is the Defendants' customers." *Id.* at 5. Alternatively, to whatever extent its complaint is found deficient, Plaintiff requests leave to amend. *Id.* at 7. Defendants reply that Plaintiff fails to identify any specific product and fails to identify Defendants' customers as alleged direct infringers for purposes of indirect infringement. *See* Dkt. No. 93. In sur-reply, Plaintiff reiterates its responsive arguments and further addresses authorities cited by Defendants. *See* Dkt. No. 101.

The parties repeatedly address Form 18, so the Court reproduces it here for convenience:

**Form 18. Complaint for Patent Infringement**

(Caption--See Form 1.)

1. (Statement of Jurisdiction--See Form 7.)

2. On <u>date</u>, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an <u>electric motor</u>. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using <u>electric motors</u> that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all <u>electric motors</u> it manufactures and sells and has given the defendant written notice of the infringement.

Therefore, the plaintiff demands:

(a) a preliminary and final injunction against the continuing infringement;

(b) an accounting for damages; and

(c) interest and costs.

Fed. R. Civ. P. Form 18.

The Complaint adequately identifies a category of accused instrumentalities, namely "computer implemented sales systems." Dkt. No. 1 at ¶¶ 30 & 31. Also, Defendants have not shown that Plaintiff's complaint must identify the subsections of 35 U.S.C. § 271 that Plaintiff intends to invoke. Defendants' demand for greater specificity and more detailed notice of Plaintiff's infringement theories is addressed by the Court's Local Patent Rules, such as the Patent Rule 3-1 requirement for disclosure of asserted claims and infringement contentions. *See Tune Hunter, Inc. v. Samsung Telecomm. Am., LLC*, No. 2:09-cv-148, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010). In sum, Defendants have not shown that Plaintiff's Complaint fails to

state a claim as to direct infringement.

The allegations of indirect infringement in the Complaint do not, however, "identify the parties other than [Defendants] that directly infringe." *PA Advisors, LLC v. Google, Inc.*, No. 2:07-cv-480, 2008 WL 4136426, at *8 (E.D. Tex. Aug. 8, 2008); *see* Dkt. No. 1 at ¶¶ 30 & 31; *see also Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009). Defendant's motion to dismiss should therefore be granted as to indirect infringement, but Plaintiff should be afforded leave to amend in this regard.

### III.  CONCLUSION

Defendants Silver Spring Networks, Inc. and Greenbox Technology, Inc.'s Motion to Dismiss for Failure to State a Claim for Relief (Dkt. No. 73) is hereby **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendants' motion is hereby **GRANTED** as to indirect infringement, but the Court hereby **ORDERS** that Plaintiff may amend its complaint within 21 days of this Order. Defendants' motion is hereby **DENIED** as to direct infringement. Any requested relief not specifically granted herein is hereby **DENIED**.

**SIGNED this 12th day of October, 2010.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE