IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EMS TECHNOLOGIES, LLC. <br><br>   PLAINTIFF, <br><br>             V. <br><br> (1)  GENERAL ELECTRIC COMPANY, <br> (2)  AUTHORIZED INSTALLERS NETWORK, LLC, D/B/A/ GE HOME TECHNOLOGIES, <br> (3)  AUTHORIZED INTEGRATORS NETWORK, LLC, D/B/A/ GE HOME TECHNOLOGIES, D/B/A AIN GROUP, D/B/A AUTHORIZED INTEGRATORS NETWORK, AND D/B/A AIN <br> (4)  JOHNSON CONTROLS, INC. <br> (5)  ROCKWELL AUTOMATION INC., <br> (6)  ROCKWELL AUTOMATION INTERNATIONAL HOLDINGS LLC, <br> (7)  ROCKWELL SOFTWARE, INC., <br> (8)  ALLEN-BRADLEY COMPANY, <br> (9)  ALLEN-BRADLEY COMPANY, LLC, <br> (10) ALLEN-BRADLEY COMPANY, INC., <br> (11) ALLEN-BRADLEY TECHNICAL SERVICES, INC., <br> (12) SILVER SPRING NETWORKS, INC.; AND <br> (13) GREENBOX TECHNOLOGY INC., <br><br>   DEFENDANTS. | Civil Action No. 2:10-cv-32 <br><br> JURY TRIAL DEMANDED |

**EMS TECHNOLOGIES, LLC'S ANSWER TO THE AMENDED COUNTERCLAIMS OF GENERAL ELECTRIC COMPANY**

Plaintiff EMS Technologies, LLC ("EMS") hereby Answers the Amended Counterclaims of Defendant General Electric Company ("GE"), filed on November 12, 2010, by corresponding paragraph number as follows:

1

## COUNTERCLAIMS

20. Paragraph 20 of GE's Counterclaims requires no response.

21. Admitted.

22. Admitted.

### Jurisdiction and venue

23. Admitted as to jurisdiction of the Court over GE's Counterclaims. Denied as to the merits of GE's Counterclaims. Admitted that EMS has submitted to venue in this judicial district and division for the purpose of the adjudication of its Complaint in this action and related counterclaims.

### Count One

### (Declaratory Judgment Of Non-Infringement)

24. In response to the allegation in paragraph 24 of GE's Counterclaims, GE's purported incorporation of Paragraphs 1 – 23 of its Answer, Defenses, and Counterclaims requires no response. Subject to the foregoing, EMS denies the merits of GE's denials of liability, defenses, and affirmative defenses, and EMS denies all averments in GE's Answer, Defenses, and counterclaims which are inconsistent with the relief requested in EMS's Complaint. Further, EMS incorporates by reference paragraphs 20 – 23 of this Answer as if fully set forth herein.

25. Admitted.

26. Admitted.

27. Admitted.

28. Denied.

29.     Admitted that GE purports to seek declaratory relief that GE does not directly infringe, contributorily infringe, or induce infringement of any claim of the '979 patent, but denied that GE is entitled to such a judgment, or any further relief.

30.     Admitted that GE purports to seek declaratory relief that any alleged infringement by GE would not be actionable by Plaintiff by virtue of one or more of GE's Affirmative Defenses, but denied that GE is entitled to such a judgment, or any further relief.

### Count Two

### (Declaratory Judgment of Invalidity)

31.     In response to the allegation in paragraph 31 of GE's Counterclaims, GE's purported incorporation of Paragraphs 1 – 30 of its Answer, Defenses, and Counterclaims requires no response.  Subject to the foregoing, EMS denies the merits of GE's denials of liability, defenses, and affirmative defenses, and EMS denies all averments in GE's Answer, Defenses, and counterclaims which are inconsistent with the relief requested in EMS's Complaint.  Further, EMS incorporates by reference paragraphs 20 – 30 of this Answer as if fully set forth herein.

32.     Admitted.

33.     Denied.

### Count Three

### (Declaratory Judgment of Unenforceability)

34.     In response to the allegation in paragraph 34 of GE's Counterclaims, GE's purported incorporation of Paragraphs 1 – 33 of its Answer, Defenses, and Counterclaims requires no response.  Subject to the foregoing, EMS denies the merits of GE's denials of liability, defenses, and affirmative defenses, and EMS denies all averments in GE's Answer,

Defenses, and counterclaims which are inconsistent with the relief requested in EMS's Complaint. Further, EMS incorporates by reference paragraphs 20 – 33 of this Answer as if fully set forth herein.

35. Admitted.

36. Admitted that Jerome Johnson was the founder and president of CWC and was involved in the EnergyWorks transaction. To the extent the remaining allegations in paragraph 36 are other than legal conclusions (which require no response), the allegations are denied.

### 1. The '979 Patent's Earliest Possible Critical Date: August 15, 1993.

37. Admitted

38. Admitted

### 2. The June 1992 Memorandum of understanding Between CWC and NSP

39. Admitted that the XCEL 00027 purports to show that in June 1992, Clear With Computers and Northern States Power entered into a Memorandum of Understanding ("MOU").

40. Admitted that the MOU (XCEL 00027) purports to provide that "it is the desire of NSP that CWC design a prototype of a computer electronic sales and training system."

41. Admitted that the MOU (XCEL 00027) purports to provide that CWC would "create and deliver to NSP a design and partial prototype of a computerized sales tool."

42. Admitted that the MOU ( XCEL 00027) purports to provide that by July 15, 1992, CWC was to deliver to NSP a partial working prototype that was to be "substantially similar to the final System," "samples of outputs and screens to be generated by the System," "the functional requirements for the System," and a "detailed statement of work including milestones and time tables."

43. Denied.

44.     Admitted that Jerome Johnson was the inventor of the '979 patent. Admitted that the MOU (XCEL 00030) purports to show that Jerome Johnson is the president and founder of CWC and that the MOU was executed on June 17, 1992 on behalf of CWC.

45.     Denied

46.     Admitted that XCEL 00031 purports to show that Lisa Jaeger wrote to NSP to confirm CWC's receipt of the purchase order.

### 3. The January 18, 1993 Software Use and General Services Agreement

47.     Admitted that XCEL 00032 purports to show that on January 18, 1993 CWC and NSP executed a Software Use and General Services Agreement ("SUGSA").

48.     Denied

49.     Admitted that the SUGSA (XCEL 00047) purports to show that NSP would pay CWC $587,000 for an "approved adaptation" of CWC's software to NSP Minnesota Company – electric.

50.     Admitted that the SUGSA (XCEL 00047) purports to show that NSP would pay CWC an amount "not to exceed $35,000" for an interface with NSP's sales and account management system.

51.     Admitted that the SUGSA (XCEL 00048) purports to show a schedule for the $587,000 to be paid to CWC between August 1992 and August 1993.

52.     Admitted that the SUGSA (XCEL 00048) purports to indentify several modules to be included in the software CWC was providing which included "customer information," "NSP programs and services," "recommendations" and a "proposal."

53.     Admitted that the SUGSA (XCEL 00048) purports to show that CWC's software would provide "Graphics for Programs and Services" and "Recommendations."

54. Admitted that the SUGSA (XCEL 00048) purports to show that CWC's software would provide "Data Entry, including Rates, Tables, Programs and Services."

55. Admitted that the SUGSA (XCEL 00064) purports to show that it was executed on January 18, 1993 by CWC's Senior Vice President E.R. Cummings, and on January 21 or 27, 1993 by R.H. Schulte, NSP's VP of Customer Service.

56. EMS is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of GE's Amended Answer and Counterclaim and therefore denies same.

57. Admitted that XCEL 00012 purports to show that a training proposal was issued by CWC on August 5, 1993 referencing the "Software Use and General Services Agreement" dated January 18, 1993, regarding software developed by CWC for NSP (hereinafter, "EnergyWorks)."

### 4. Programming and Further Enhancements to Energy Works

58. EMS is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of GE's Amended Answer and Counterclaim and therefore denies same.

59. EMS is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of GE's Amended Answer and Counterclaim and therefore denies same.

60. Admitted that XCEL 00019 purports to show that on July 26, 1993, CWC issued a written proposal to further enhance EnergyWorks to interface with NSP's MKS files. XCEL 00019 also purports to show that the "NSP and CWC are working together to develop, maintain and support an electronic sales system, EnergyWorks, used by NSP representatives to present product information and to prepare quotes and proposals for potential customers."

61. Admitted that the proposal (XCEL 00019) purports that "NSP has requested that EnergyWorks be enhanced to pull customer information from a file created by the NSP MKS system."

62. Admitted that the proposal (XCEL 00019) purports to show an enhancement price of $8,800.  EMS is currently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 62 of GE's Amended Answer and Counterclaim and therefore denies same.

63. Admitted that XCEL 00066 purports to show that NSP accepted the proposal to accept EnergyWorks enhancement on August, 4, 1993.  Admitted that XCEL 00010 purports to show that a change memorandum for $8,800 was issued for a maximum increase to $595,800.

64. Denied.

65. Denied.

### 5. Inventor Jerome Johnson Never Disclosed EnergyWorks to the PTO

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Admitted.

72. Admitted.

73. Denied.

74. Denied.

75. EMS is currently without knowledge **or** information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of GE's Amended Answer and Counterclaim and therefore denies same.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. EMS is currently without knowledge or information sufficient to form a belief as Jerome Johnson's awareness of his duty of candor or his prior patented inventions and therefore denies same. Denied as to the remaining allegations contained in paragraph 83 of GE's Amended Answer and Counterclaim.

84. Denied.

85. Admitted that GE purports to seek a declaratory judgment as to the unenforceability of the '979 patent but denied that GE is entitled to such a judgment, or any further relief and therefore denies same.

## JURY DEMAND

86. GE's Jury Demand is an averment to which no responsive pleading is required.

## PRAYER FOR RELIEF

To the extent necessary, EMS denies that GE is entitled to the relief requested in its Prayer for Relief, or any relief whatsoever.

Dated:  November 15, 2010                                    Respectfully submitted,

                                                         By: /s/ Andrew W. Spangler
                                                             Andrew W. Spangler
                                                             State Bar No. 24041960
                                                             Spangler Law P.C.
                                                             208 N. Green St., Suite 300
                                                             Longview, TX 75601
                                                             Telephone:  (903) 753-9300
                                                             Facsimile:  (903) 553-0403
                                                             Email:spangler@spanglerlawpc.com

                                                             ATTORNEY FOR PLAINTIFF
                                                             EMS TECHNOLOGIES, LLC.

## CERTIFICATE OF SERVICE

   I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 15th day of November, 2010 , with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                                             /s/Andrew W. Spangler
                                                             Andrew W. Spangler