# WARD & SMITH
## LAW FIRM

T. JOHN WARD, JR.
JW@WSFIRM.COM

April 18, 2011

Hon. Chief Judge David Folsom
United States District Court
Eastern District of Texas
500 North State Line Ave, Third Floor
P.O. Box 2090
Texarkana, Texas 75504

    Re:    *EMS Technologies, LLC v. General Electric Co.*, No. 2:10-cv-0032 in the United States District Court for the Eastern District of Texas, Marshall Division

Dear Honorable Chief Judge Folsom:

Defendant General Electric Company, whose XA/21™ control system is accused of infringement, respectfully requests permission to file a motion for summary judgment of invalidity of the ten asserted claims of the patent-in-suit, U.S. Patent No. 6,169,979 (the '979 patent), on this ground:

> On several occasions before the patent's critical date, the accused XA/21™ system was offered for sale and sold. Those offers and sales are prior art to the '979 patent and render the patent invalid.

GE also is filing today a second request for permission to file a motion for summary judgment of invalidity based on a prior sale of the invention by the inventor's company.

### Status/Factual Background

Plaintiff EMS Technologies, LLC filed this suit against GE and other defendants on January 26, 2010. GE is the sole remaining defendant. Plaintiff has served several sets of Preliminary Infringement Contentions, each of which accuse the XA/21™ of infringement.

GE's accused XA/21™ product was offered for sale and sold multiple times before the '979 patent's August 15, 1993 critical date, as shown by the following chart:

| Customer | Offers for Sale | Sale |
|---|---|---|
| Minnesota Power | December 1, 1989 | June 28, 1990 |
| Central Louisiana Electric Company, Inc. | February 1, 1991 | August 9, 1991 |
| Louisville Gas & Electric Co., Inc. | June 28, 1991 | November 25, 1991 |
| San Diego Gas & Electric | N/D | January 17, 1992 |
| Oglethorpe Power Corp. | April 2, 1992 | April 7, 1992 |

| Southern California Edison | N/D | May 18, 1992 |
|---|---|---|
| Ohio Edison | N/D | June 26, 1992 |
| Orange & Rockland Utilities, Inc. | December 2, 1991 | August 6, 1992 |

EMS received notice and documentation of each of these prior sales of the XA/21™ when served with GE's Invalidity Contentions on August 9, 2010. Although these pre-critical-date sales involved a different version of the current system, as will be shown in the motion for summary judgment, none of the changes from the prior version are relevant to this case.

## Applicable Law

The Federal Circuit has considered cases such as this, where a plaintiff asserts that its patent is infringed by products sold before the critical date.

In *Evans Cooling Sys., Inc. v. General Motors Corp.*, the patentee accused GM's "LT1" engine of infringing its patent. 125 F.3d 1448, 1451 (Fed. Cir. 1997). GM moved for summary judgment and produced evidence that it and its dealers had offered for sale and sold Corvettes with an LT1 engine before the patent's critical date. *Id*. at 1450. The trial court granted summary judgment and the Federal Circuit affirmed. "Although GM bore the burden of proving that the LT1 engine embodied the patented invention or rendered it obvious for purposes of the summary judgment motion, this burden is met by [Plaintiff's] allegation, forming the sole basis for the complaint, that the LT1 engine infringes." *Id*. at 1451.

Similarly, in *Vanmoor v. Wal-Mart Stores, Inc.*, the trial court awarded the defendants summary judgment of invalidity based on evidence that they had placed their accused caulking cartridges on sale before the patent's critical date. 201 F.3d 1363, 1365 (Fed. Cir. 2000). On appeal, the plaintiff argued that the defendants had failed to show that the specific cartridges sold before the critical date anticipated the claims-in-suit. *Id*. at 1366. The Federal Circuit rejected this argument, holding that plaintiff's allegation that the cartridges infringed met the defendants' burden to prove anticipation. *Id*.

In both cases, the defendants answered the complaint by denying that their accused products infringed, and conceded infringement solely for purposes of their respective summary judgment motions for invalidity. *Evans*, 125 F.3d at 1451; *Vanmoor*, 201 F.3d at 1366.

## Under *Vanmoor* and *Evans*, the Asserted Claims are Invalid

As in *Vanmoor* and *Evans*, GE denies that the XA/21™ infringes, but solely for the purposes of a summary judgment motion of invalidity, will concede that the XA/21™ that was the subject of these prior sales infringes the '979 patent. Moreover, GE's burden of proving that the pre-critical-date sales anticipate the patent is satisfied by EMS's allegation that the XA/21™ infringes. *Evans*, 125 F.3d at 1451; *Vanmoor*, 201 F.3d at 1366. Therefore, at the summary judgment stage, GE need prove only that the XA/21™ was sold or offered for sale before the critical date, such as by introducing evidence of each offer for sale and sale described in the chart above.

For these reasons, defendant GE respectfully asks the Court for leave to file a motion for summary judgment of invalidity of claims 1-2, 5-6, 9, 24-25, 27-28, and 32 of the '979 patent based on the prior offers for sale and sales of the XA/21™ before the '979 patent's critical date.

Respectfully,

*/s/ Johnny Ward*

T. John Ward, Jr.