# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| EMS TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:10-cv-32-DF |
| | § | |
| GENERAL ELECTRIC CO., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Plaintiff EMS Technologies, Inc. ("EMS") and Defendant General Electric Corp. ("GE") hereby submit their Joint Claim Construction of the Terms, Phrases, and Clauses in the U.S. Patent No. 6,169,979, entitled "Computer-Assisted Sales System for Utilities," pursuant to Local Patent Rule 4-3.

**Local Patent Rule 4-3(a) and (b):**

The Joint Claim Construction of the Terms, Phrases, and Clauses in the U.S. Patent No. 6,169,979 is submitted by the parties, pursuant to P.R. 4-3 (a) and (b). *See* Exhibit A. The parties reserve the right to supplement and/or amend the foregoing disclosures in accordance with the Local Patent Rules.

**Local Patent Rule 4-3(c):**

The parties estimate the length of time required for the November 3, 2011 Claim Construction Hearing, to be one-half (1/2) day.

**Local Patent Rule 4-3(d):** Neither EMS nor GE anticipates relying on live testimony at the hearing.

**Local Patent Rule 4-3(e):** GE believes that a technical tutorial the day before the Claim Construction Hearing would be useful, as contemplated by the Docket Control Order (Dkt. #103 at step (22)). Apart from a technical tutorial, GE does not identify any other issues to address at a prehearing conference before the Hearing.

EMS does not identify any other issues to address at a prehearing conference prior to the Claim Construction Hearing.

Respectfully submitted,

*/s/ David A. Caine*
Andrew W. Spangler
State Bar No. 24941960
spangler@spanglerlawpc.com
Spangler Law PC
208 N. Green St., Suite 300
Longview, TX 75601
Bus: (903) 753-9300
Fax: (903) 553-0403

**Co-Counsel:**
James C. Otteson
CA Bar No. 157781
(Admitted E.D. Texas)
jim@agilityiplaw.com
David A. Caine
CA Bar No. 218074
(Admitted E.D. Texas)
dacaine@agilityiplaw.com
Thomas T. Carmack
CA Bar No. 229324
(Admitted E.D. Texas)
tom@agilityiplaw.com
Agility IP Law 1900 University Circle, Suite 201
East Palo Alto, CA 94303
Bus: (650) 227-4800
Fax: (650) 318-3483

COUNSEL FOR PLAINTIFF EMS
TECHNOLOGIES, LLC

/s/ T. John Ward, Jr.
T. John Ward, Jr.
(State Bar No. 00794818)
Wesley Hill
(State Bar No. 24032294)
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
Tel.:  (903) 757-6400
Fax:  (903) 757-2323
Email:  jw@wsfirm.com
            wh@wsfirm.com

R. Paul Yetter
(State Bar No. 22154200)
Thomas M. Morrow
(State Bar No. 24039076)
Kevin J. Terrazas
(State Bar No. 24060708)
YETTER COLEMAN, LLP
Two Houston Center
909 Fannin, Suite 3600
Houston, TX  77010
Tel.:  (713) 632.8070
Fax:  (713) 632.8002
Email:  pyetter@yettercoleman.com
            tmorrow@yettercoleman.com
            kterrazas@yettercoleman.com

COUNSEL FOR DEFENDANT
GENERAL ELECTRIC COMPANY

| U.S. Patent No. 6,169,979 Claim Terms (Claim Nos.) | Agree | Disagree | Plaintiff's Proposed Construction and Intrinsic and Extrinsic Evidence | Defendant's Proposed Claim Construction and Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| "customer" (1,5,6,24,27,28) | | X | The term "customer" requires no construction. The term "customer" should receive its plain and ordinary meaning.<br><br>The American Heritage Dictionary, 2d College Ed. (1982).<br><br>The New Merriam-Webster Dictionary (1989).<br><br>Random House Webster's Dictionary (1993).<br><br>EMS does not presently know of deposition testimony that it intends to rely on to oppose GE's proposed construction. EMS reserves the right to cite deposition testimony for the purpose of clarifying or providing context for any testimony cited by GE. | A purchaser of energy from the utility company.<br><br>**Intrinsic and Extrinsic Evidence**<br><br>'979 patent Abstract<br>'979 patent Fig. 4<br>'979 patent Table 2<br>'979 patent Appendices A-B, E, G<br>'979 patent col. 1 lines 35-37, 38-41, 47-51, 66-col. 2 line 1<br>'979 patent col. 2 lines 1, 7-8, 40-46<br>'979 patent col. 3 lines 6-11, 23-24<br>'979 patent col. 5 lines 30-40<br>'979 patent col. 9 lines 36-61<br>'979 patent col. 16 lines 23-44<br>'979 patent col. 20 lines 25-27, 30-33<br>'979 patent col. 25 lines 61-67<br>'979 patent col. 26 lines 25-26, 46-49<br>'979 patent col. 27 lines 12-26<br><br>Prosecution history of '979 Patent: Amendment in response to Office Action (Oct. 4, 1999) at 3-5<br>Keith Wietecki deposition transcript: 39:13-40:1, 70:10- |

**Exhibit "A," Joint Claim Construction of U.S. Patent No. 5,769.166**

| U.S. Patent No. 6,169,979 Claim Terms (Claim Nos.) | Agree | Disagree | Plaintiff's Proposed Construction and Intrinsic and Extrinsic Evidence | Defendant's Proposed Claim Construction and Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | 71:4, 76:16-22, 77:12-14<br>Robert Schulte deposition transcript: 25;8-19, 27:12-20, 32:23-33:19, 38:12-23, 58:5-19, 72:18-73:6, 73:9-74:2<br>Jerome Johnson deposition transcript: 46:10-19, 227:24-228:19, 236:3-237:21 |
| "utility rates" (1,24,27) | | X | The phrase "utility rates" requires no construction. The phrase "utility rates" should receive its plain and ordinary meaning.<br><br>The American Heritage Dictionary, 2d College Ed. (1982).<br><br>The New Merriam-Webster Dictionary (1989).<br><br>Random House Webster's Dictionary (1993).<br><br>EMS does not presently know of deposition testimony that it intends to rely on to oppose GE's proposed construction. EMS reserves the right to cite deposition testimony for the purpose of clarifying or providing context for any testimony cited by GE. | Prices the customer pays the utility per unit of energy.<br><br>**Intrinsic and Extrinsic Evidence**<br><br>'979 patent Abstract<br>'979 patent Fig. 3<br>'979 patent Appendices A-B, E, G<br>'979 patent col. 3 lines 53-54<br>'979 patent col. 4 lines 42-45<br>'979 patent col. 18 lines 31-33<br>'979 patent col. 25 lines 61-67<br>'979 patent col. 26 lines 15-54<br><u>'979 patent col. 27 lines 1-40</u><br><br>Prosecution history of '979 Patent: Amendment in response to Office Action (Oct. 4, 1999) at 4-5<br>Keith Wietecki deposition transcript: 26:5-7, 37:20-38:2 |

**Exhibit "A," Joint Claim Construction of U.S. Patent No. 5,769.166**

| U.S. Patent No. 6,169,979 Claim Terms (Claim Nos.) | Agree | Disagree | Plaintiff's Proposed Construction and Intrinsic and Extrinsic Evidence | Defendant's Proposed Claim Construction and Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | Robert Schulte deposition transcript: 29:19-30:4 |
| "utility cost savings programs" (1,24,27) | | X | The phrase "utility cost savings programs" requires no construction. The phrase "utility cost savings programs" should receive its plain and ordinary meaning.<br><br>The American Heritage Dictionary, 2d College Ed. (1982).<br><br>The New Merriam-Webster Dictionary (1989).<br><br>Random House Webster's Dictionary (1993).<br><br>EMS does not presently know of deposition testimony that it intends to rely on to oppose GE's proposed construction. EMS reserves the right to cite deposition testimony for the purpose of clarifying or providing context for any testimony cited by GE. | Programs offered by the utility, for assisting with the sale of utility products and services, requiring the customer to install energy efficient equipment in return for a rebate from the utility.<br><br>**Intrinsic and Extrinsic Evidence**<br><br>'979 patent Fig. 3<br>'979 patent Appendices A-B<br>'979 patent col. 1 lines 42-47<br>'979 patent col. 2 lines 50-51<br>'979 patent col. 5 lines 3-20<br>'979 patent col. 20 lines 39-53, 55-58<br>'979 patent col. 21 lines 7-9<br>'979 patent col. 22 lines 4-12, 15-17<br>'979 patent col. 23 lines 46-48<br>'979 patent col. 29 lines 14-17<br>'979 patent col. 31 lines 58-61<br><br>Prosecution history of '979 Patent: Amendment in response to Office Action (Oct. 4, 1999) at 4-5 |

**Exhibit "A," Joint Claim Construction of U.S. Patent No. 5,769.166**

| U.S. Patent No. 6,169,979 Claim Terms (Claim Nos.) | Agree | Disagree | Plaintiff's Proposed Construction and Intrinsic and Extrinsic Evidence | Defendant's Proposed Claim Construction and Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | Keith Wietecki deposition transcript: 71:5-76:15, 78:24-79:4<br>Robert Schulte deposition transcript: 42:2-48:8 |
| "select," "selecting," or "selected" (1, 24, 27) | | X | The terms "select," "selecting" and "selected" require no construction. The terms "select," "selecting" and "selected" should receive their plain and ordinary meanings.<br><br>The American Heritage Dictionary, 2d College Ed. (1982).<br><br>The New Merriam-Webster Dictionary (1989).<br><br>Random House Webster's Dictionary (1993).<br><br>EMS does not presently know of deposition testimony that it intends to rely on to oppose GE's proposed construction. EMS reserves the right to cite deposition testimony for the purpose of clarifying or providing context for any testimony cited by GE. | choose for recommendation; choosing for recommendation.<br><br>**Intrinsic and Extrinsic Evidence**<br>'979 patent Abstract<br>'979 patent Fig. 4<br>'979 patent Table 2<br>'979 patent Appendices A-B<br>'979 patent col. 6 lines 48-57<br>'979 patent col. 7 lines 11-15<br>'979 patent col. 9 lines 36-38<br>'979 patent col. 14 lines 24-29<br>'979 patent col. 26 lines 25-28<br><br>Prosecution history of '979 Patent: Amendment in response to Office Action (Oct. 4, 1999) at 4-5<br>Keith Wietecki deposition transcript: 121:15-122:19<br>Robert Schulte deposition transcript: 73:22-76:17<br>Jerome Johnson deposition transcript: 46:10-19, 75:1-8, |

**Exhibit "A," Joint Claim Construction of U.S. Patent No. 5,769.166**

| U.S. Patent No. 6,169,979 Claim Terms (Claim Nos.) | Agree | Disagree | Plaintiff's Proposed Construction and Intrinsic and Extrinsic Evidence | Defendant's Proposed Claim Construction and Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | 76:14-25, 77:8-13, 227:24-228:19, |
| "report" (1,2,24,25,27) | | X | The term "report" requires no construction. The term "report" should receive its plain and ordinary meaning.<br><br>The American Heritage Dictionary, 2d College Ed. (1982).<br><br>The New Merriam-Webster Dictionary (1989).<br><br>Random House Webster's Dictionary (1993).<br><br>EMS does not presently know of deposition testimony that it intends to rely on to oppose GE's proposed construction. EMS reserves the right to cite deposition testimony for the purpose of clarifying or providing context for any testimony cited by GE. | Proposal from the utility to a customer.<br><br>**Intrinsic and Extrinsic Evidence**<br><br>'979 patent Abstract<br>'979 patent Fig. 4<br>'979 patent Table 2<br>'979 patent Appendices A-B<br>'979 patent col. 1 line 19-20, 38-41, 48-50, 59-60, 66-67<br>'979 patent col. 2 lines 40-43, 51-52<br>'979 patent col. 3 lines 4-24, 57-59<br>'979 patent col. 5 lines 41-60<br>'979 patent col. 9 lines 36-38<br>'979 patent col. 14 lines 24-27<br>'979 patent col. 17 lines 21-48<br><br>Prosecution history of '979 Patent: Amendment in response to Office Action (Oct. 4, 1999) at 3-5<br>Keith Wietecki deposition transcript: 121:24-122:18, 169:6-14<br>Robert Schulte deposition transcript: 95:15-20, 99-7-21 |

**Exhibit "A," Joint Claim Construction of U.S. Patent No. 5,769.166**

| U.S. Patent No. 6,169,979 Claim Terms (Claim Nos.) | Agree | Disagree | Plaintiff's Proposed Construction and Intrinsic and Extrinsic Evidence | Defendant's Proposed Claim Construction and Intrinsic and Extrinsic Evidence |
|---|---|---|---|---|
| | | | | Jerome Johnson deposition transcript: 46:10-19, 46:23-47:1, 75:1-8, 76:14-16, 77:8-13, 129:18-131:18, 136:22-137:6, 227:24-228:19, |
| "utility" (1,5,6,24,27,28) | | X | The term "utility" requires no construction. The term "utility" should receive its plain and ordinary meaning.<br><br>The American Heritage Dictionary, 2d College Ed. (1982).<br><br>The New Merriam-Webster Dictionary (1989).<br><br>Random House Webster's Dictionary (1993).<br><br>EMS does not presently know of deposition testimony that it intends to rely on to oppose GE's proposed construction. EMS reserves the right to cite deposition testimony for the purpose of clarifying or providing context for any testimony cited by GE. | A company that generates, sells, and distributes energy to customers.<br><br>**Intrinsic and Extrinsic Evidence**<br><br>'979 patent Abstract<br>'979 patent col. 1 lines 23-26, 34-37, 65-67<br>'979 patent col. 2 lines 7-8, 40-43, 54-57<br>'979 patent col. 16 lines 23-44<br><br>Prosecution history of '979 Patent: Amendment in response to Office Action (Oct. 4, 1999) at 4-5<br>Keith Wietecki deposition transcript: 35:8-11<br>Robert Schulte deposition transcript: 14:9-17, 15:9-12<br>Jerome Johnson deposition transcript: 46:10-19, 236:3-237:21 |

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 2nd[t] day of August, 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.
August 2, 2011.

                                                  /s/ David A. Caine
                                                      David A. Caine